## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JUSTIN TERRELL GORDON,            )
                                  )
   Petitioner,                    )
                                  )
v.                                )        CIVIL ACTION NO. 23-384-JB-MU
                                  )
KENNETH PETERS,                   )
Warden, Fountain Correctional Facility,  )
                                  )
   Respondent.                    )

## REPORT AND RECOMMENDATION

Justin Terrell Gordon, a state prisoner in the custody of Respondent,[1] has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1). Having carefully reviewed the record, Gordon's petition, Respondent's answer, and all other documents and exhibits filed in this matter, the undersigned finds there are sufficient facts and information upon which the issues in this case may be resolved without an evidentiary hearing. Gordon's claims are both unexhausted and procedurally defaulted, and the undersigned recommends Gordon's petition be dismissed with prejudice.

### I.    PROCEDURAL HISTORY

Gordon committed the offense of second-degree theft of property on January 11, 2014, and he was arrested for that offense on July 31, 2014. (Doc. 12-10). Gordon

---

[1] The Alabama Department of Corrections website shows Gordon is currently housed at Fountain Correctional Facility. Therefore, the current warden at Fountain Correctional Facility has been substituted as the respondent.

committed the offense of first-degree escape on December 13, 2014, and he was arrested

for that offense on the same day. (Doc. 12-6).[2] On March 3, 2015, Gordon was indicted

by a Choctaw County grand jury for first-degree escape (CC-15-5) and second-degree

theft of property (CC-15-21). (Docs. 12-3, 12-4).

On September 26, 2016, the State of Alabama filed in the Choctaw County Circuit

Court its notice of intent to present evidence of Gordon's two prior convictions for third-

degree burglary (CC-11-105, CC-11-107) pursuant to the Alabama Habitual Felony

Offender Act, Ala. Code § 13A-5-9. (Doc. 12-11).[3] On November 29, 2021, Gordon

pleaded guilty to first-degree escape (CC-15-5).[4] (Docs. 12-1, 12-6). On June 21, 2022,

Gordon pleaded guilty to second-degree theft of property (CC-15-21). (Docs. 12-2, 12-7,

12-8, 12-10). The "Explanation of Rights and Plea of Guilt" form for each case indicates

that Gordon was sentenced as a habitual felony offender with two prior felony convictions.

(Doc. 12-8).[5] Gordon did not appeal his convictions and sentences. Gordon did not file a

---

[2] Gordon alleges that the statute of limitations lapsed in each of his cases. (Doc. 1, PageID.5, 7-8.) The statute of limitations for the felonies of first-degree escape and second-degree theft of property is five years. *See* Ala. Code § 15-3-1 (1975). "A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender." Ala. Code § 15-3-7. Gordon was arrested for second-degree theft of property slightly more than six months after that offense occurred, and he was arrested for first-degree escape on the same day that offense occurred. (Docs. 12-10, 12-6). Thus, Gordon's statute of limitations allegations are meritless.

[3] Third-degree burglary is a Class C felony. *See* Ala. Code § 13A-7-7(b)

[4] The case action summary in CC-15-5 indicates that Gordon entered a "best interest" plea. (Doc. 12-1, PageID.35). Gordon later moved to withdraw his guilty plea, but that request was denied on May 16, 2022 after a hearing before the Circuit Court. (CC-15-5, Document 159).

[5] The Plea Agreement and "Explanation of Rights and Plea of Guilty" form in CC-15-5 were not provided by Respondent, but the Court has reviewed these documents in Alacourt and takes judicial notice of these court records. (CC-15-5, Documents 141 and 142). *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (Allowing judicial notice of another court proceeding for the purpose of recognizing the judicial acts that the orders of the other court represent); *Keith*

2

petition for postconviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.

## II.   PETITIONER'S CLAIMS

On December 8, 2022, Gordon filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254.[6] (Doc. 1.) His petition raises the following four grounds for relief:

1. Gordon alleges that "trial counsel failed to provide effective assistance when he did not object to the excessive and illegal sentence; fatal variance; and statute of limitations being ran out." Gordon also alleges that, "on 06-21-2022, the petitioner was not sentenced as a habitual felony offender under [Section] 13A-5-9, Ala. Code 1975. Petitioner was arrested or charged with the offenses in 2013 and convicted in 2022. The statute of limitations ran out; thus the court lacked authority to try, convict, or sentence him." (Doc. 1, PageID.5).

2. Gordon alleges that "the twenty (20) year sentence imposed exceeds the maximum (10) year sentence authorized by law, or otherwise is not authorized by law." Gordon also alleges that, "on 06-21-2022, the petitioner was not sentenced as a habitual felony offender on the theft of property second degree case under CC-2015-21. The maximum sentence authorized by law is (10) years. The escape first degree case in CC-2015-5 cannot be used to enhance punishment. The sentences are not authorized by law because statute of limitations ran out." (Doc. 1, PageID.7).

3. Gordon alleges that "[the] trial court lacked exclusive subject-matter jurisdiction over commencement of criminal prosecution over first degree escape and theft of property second degree whereas the statute of limitations had lapsed." Gordon also alleges that "petitioner was charged with the felony offenses in 2014 and indicted by the Choctaw [County]

---

*v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of records of a plaintiff's criminal history from Georgia state court's online judicial system).

[6] Gordon initially filed his petition in the Middle District of Alabama. Gordon did not complete the part of the petition stating when it was placed in the prison mailing system. (Doc. 1, PageID.15.) However, the postmark on the envelope in which Gordon mailed the petition indicates that it was mailed on December 8, 2022. (Doc. 1, PageID.16). *See McMillan v. Eason*, No. CV 22-670, 2022 WL 3566820, at *1 n.1 (E.D. Pa. July 1, 2022) ("McMillan did not sign the final page of his petition representing when it was placed in the prison mailing system. However, the postmark on the envelope included with the habeas petition indicates that it was mailed February 11, 2022. I will use that date as the date his petition was filed.") (citation omitted). The Middle District transferred Gordon's petition to this Court on October 6, 2023. (Doc. 7).

Grand Jury in 2015, but was not prosecuted or convicted and sentenced on said convictions until 06-21-2022 when the statute of limitations ran out." (Doc. 1, PageID.8).

4. Gordon alleges that "the weight of the evidence was contrary to the adjudication and determination of guilt and the imposition of sentence for both statutory felony offense[s] of escape first degree and theft of property second degree." Gordon also alleges that "there was a fatal variance between the charging instrument and the proof presented at trial by which the weight of the evidence is inadmissible and contrary to law." (Doc. 1, PageID.10).

## III. CONCLUSIONS OF LAW

### A. Gordon's Claims are Unexhausted

Before a state prisoner like Gordon can bring his federal claims in federal court, he must first present those claims to the state courts—a process known as "exhaustion." 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845. In Alabama, the established appellate review process includes an appeal to the ACCA, an application for rehearing to the ACCA, and an application for discretionary review by the Alabama Supreme Court. *See Price v. Warden, Att'y Gen. of Ala.*, 701 F.App'x 748, 749-50 (11th Cir. 2017) (per curiam); Ala. R. App. P. 4, 39, 40. Habeas claims may be exhausted either on direct appeal or through state postconviction proceedings. *See Reedman v. Thomas*, 305 F.App'x 544, 545 (11th Cir. 2008) (citing 28 U.S.C. § 2254(b), (c)). None of Gordon's federal habeas claims are properly exhausted, and they are now procedurally defaulted.[7]

---

[7] The State concedes that Gordon's petition does not appear to be time-barred, and the undersigned agrees that it was brought within the one-year period of limitation in 28 U.S.C.A. § 2244(d). (Doc. 12, PageID.19-21).

Regarding Gordon's claim that he received ineffective assistance of counsel, he has not presented that claim through one full round of review in Alabama's appellate courts. (Doc. 5, PageID.1). Thus, the claim is unexhausted. *See Price v. Warden, Att'y Gen. of Ala*., 701 F. App'x 748, 750 (11th Cir. 2017) (holding that the petitioner's claim of ineffective assistance of counsel was unexhausted because he did not complete one full round of review in the state's courts); *Doorbal v. Dep't of Corr*., 572 F.3d 1222, 1229 (11th Cir. 2009) (same).

Regarding Gordon's claims that his sentences were unauthorized and/or illegal because (a) his sentence in CC-15-21 exceeded the statutory maximum because he allegedly was not sentenced under the Habitual Felony Offender Act, and (b) both of his sentences were allegedly imposed after the statute of limitations for prosecuting those offenses had lapsed, he has not presented either of those claims through one full round of review in Alabama's appellate courts. (Doc. 1, PageID.5, 7-8, 10). Therefore, the claims are unexhausted. *See Hopson v. Headley*, No. 4:21-CV-01594-LCB-NAD, 2022 WL 1598835, at *1-2 (N.D. Ala. Apr. 25, 2022) (concluding that petitioner's claim that he was serving an illegal sentence was unexhausted because he had not presented the claim through one full round of review in the state's appellate courts); *see also Pugh v. Jones*, No. CV 17-00284-JB-B, 2018 WL 6424778, at *7 (S.D. Ala. Oct. 25, 2018) (concluding that petitioner's claim regarding an illegal sentence was unexhausted because it was not properly raised in the state courts). Furthermore, federal habeas relief is not available for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Knotts v. Sanchez*, No. CV 14-239 JCH/WPL, 2015 WL 13667547, at *4-5 (D.N.M. Jan. 8, 2015) (concluding

that petitioner's issue regarding the imposition of an allegedly illegal sentence was a matter of state law and not cognizable in a § 2254 proceeding).

Regarding Gordon's claims that the weight of the evidence was contrary to the Circuit Court's adjudication and determination of guilt, and relatedly, that there was a fatal variance between the indictment and the proof presented at "trial" (as noted above, Gordon pleaded guilty, and thus, there was no trial), he has not presented those claims through one full round of review in Alabama's appellate courts. Accordingly, the claims are unexhausted. *See, e.g., Cunningham v. Conway*, 717 F. Supp. 2d 339, 364 (W.D. N.Y. 2010) ("Cunningham did not complete one full round of appellate review with regard to the weight-of-the-evidence claim . . ., leaving [it] unexhausted."); *Jones v.* Dir., TDCJ-CID, No. 6:15CV6, 2016 WL 3457033, at *3 (E.D. Tex. Mar. 10, 2016) ("In this case, Jones'[s] claim that a fatal variance existed between the indictment and the evidence . . . has never been presented to the [state's appellate courts]. This claim is therefore unexhausted."). Furthermore, federal habeas relief is not available for errors of state law. *Lewis*, 497 U.S. at 780; *see also Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence."); *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985) ("Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes *the trial* so egregiously unfair as to amount to a deprivation of the defendant's right to due process.") (emphasis added). Because Gordon pleaded guilty, he cannot show that any alleged variance in his indictment resulted in a deprivation of his federal due process rights at trial.

6

### B.       Gordon's Claims are Procedurally Defaulted

An issue that was not properly presented to the state courts and can no longer be litigated under state procedural rules is procedurally defaulted and barred from federal review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (holding that "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas."); *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009) ("Because it is apparent that the [state] courts would now refuse to hear this claim, it is procedurally defaulted."); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) ("[I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default . . . the exhaustion requirement and procedural default principles combine to mandate dismissal.").

Gordon's time to appeal to the Alabama Court of Criminal Appeals or to petition the Alabama Supreme Court for a writ of certiorari has expired. Gordon was sentenced for first-degree escape (CC-15-5) and second-degree theft of property (CC-15-21) on June 21, 2022. Gordon's time to file an appeal expired on August 2, 2022. *See* Ala. R. App. P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence[.]"). Moreover, his time to file a petition for postconviction relief expired on August 3, 2023. *See* Ala. R. Crim. P. 32.2(c) (providing that a petition for postconviction relief must be filed within one year after the time for filing an appeal lapses). Gordon can

7

no longer avail himself of either opportunity to seek relief in state court; thus, his claims are procedurally defaulted.

Gordon is barred from litigating procedurally defaulted *constitutional claims* in a federal habeas corpus proceeding unless he can show "cause and prejudice" or "the fundamental miscarriage of justice." *Smith*, 256 F.3d at 1138.[8] Gordon has not stated any cause for his procedural default other than his assertion that he "is not a lawyer and did not know he could appeal" or seek relief "via petitions." (Doc. 1, PageID.5, 7, 9-10). Gordon's claim that he was ignorant of his right to appeal or seek postconviction relief does not show cause for his procedural default or entitle him to any other federal habeas relief. *See, e.g., Hall v. Wheeler-White*, No. CA 09-0491-CG-C, 2009 WL 3062008, at *3 n.3 (S.D. Ala. Sept. 18, 2009) ("In absence of the identification of a constitutional ground for relief, petitioner's ignorance of her right to appeal establishes no basis for federal habeas corpus relief.").

The precise scope of the miscarriage-of-justice exception depends on the nature of the challenge, but it is generally demonstrated with evidence that the petitioner is *actually innocent*. *See Sawyer v. Whitley*, 505 U.S. 339-40 (1992). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal citations omitted). Here, Gordon pled guilty to the

---

[8] Gordon has presented this Court with only one constitutional claim — his claim for ineffective assistance of counsel. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.") (emphasis in original). As noted, Gordon's claims that his sentences are illegal are state law claims that are not subject to federal habeas corpus review. *See Knotts*, 2015 WL 13667547, at *4-5.

charges against him and has not specifically claimed or even generally alleged that he is actually innocent. Accordingly, Gordon's claims are procedurally defaulted, and it is well settled that this Court may not review the merits of procedurally defaulted claims. *See Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) ("Under the doctrine of procedural default, a federal habeas court may not review the merits of a claim that is procedurally barred unless the petitioner can demonstrate cause for the default and actual prejudice, or that he is actually innocent of his crime of conviction.").

### C.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could

debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."""). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Gordon should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV.    CONCLUSION

The undersigned Magistrate Judge recommends that the petition for writ of habeas corpus filed by Petitioner Justin Terrell Gordon, pursuant to 28 U.S.C. § 2254, be

10

dismissed with prejudice. Further, the undersigned recommends Gordon be denied a Certificate of Appealability and the Court certify any appeal of the present denial of his § 2254 petition would be without merit and, therefore, not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 4th day of June, 2026.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**

11